UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Mike Jones,** | ) | **CASE NO. 1:05 CV 659** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Margaret Bradshaw, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge McHargh (Doc. 12) which recommends denial of the Petition for Writ of Habeas Corpus now pending before the Court. For the following reasons, the Report and Recommendation is ACCEPTED.

**Introduction**

Petitioner, Mike Jones, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated after a jury trial in the Cuyahoga County Court of Common Pleas. This matter has been fully briefed and the Magistrate Judge issued his Report and Recommendation recommending that the Petition for

1

Writ of Habeas Corpus be denied.  Petitioner has filed Objections to the Report and Recommendation.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made.  The judge may accept, reject, or modify any proposed finding or recommendation."

**Discussion**

A jury found petitioner guilty of murder with a firearm specification in connection with his participation in a gang shoot-out during which a stray bullet penetrated the wall of a house and killed a child inside.  Petitioner asserts 13 grounds in support of his Petition.  For the following reasons, the Court agrees with the Magistrate Judge that none warrants issuance of the Writ.

In his Objections, petitioner addresses only his ineffective assistance of counsel claims based on the failure at trial to request the proper lesser included offense instructions.  Therefore, the Court has made a *de novo* review of those portions of the recommendation relating to these claims.

Ground One asserts that the court of appeals denied petitioner's due process rights in failing to grant the Rule 26(B) reopening of his appeal after he demonstrated ineffective assistance of appellate counsel.  Ground Two asserts ineffective assistance of appellate counsel for failure to raise ineffective assistance of trial counsel based on the latter's failure to request proper lesser included offense instructions on petitioner's murder charge.  Ground Six asserts

that petitioner was denied due process when the trial court failed to instruct the jury on any lesser included offense.

The Magistrate Judge concluded that the state court's decisions on this issue were not contrary to, or involved an unreasonable application of, clearly established federal law.  This Court agrees.

Petitioner argues that his trial counsel should have requested instructions on voluntary or involuntary manslaughter because the evidence showed that petitioner did not initiate the shooting incident.

On direct appeal, the court of appeals found the following relevant facts:

[O]n August 15, 2001, a white Chevrolet carrying several men drove down E. 120th Street and stopped at the intersection of E. 120th Street and Kelton Avenue alongside Hurlon Hill, who was sitting on a bicycle at that intersection. A male from the vehicle asked Hill: "Are you Rockland?" When Hill answered affirmatively, the male said: "Y'all killed my dude." Hill, aware that a Rockland member had killed someone, became concerned that the males in the vehicle were looking to retaliate against Rockland for that killing. He jumped off his bike, yelling 'dudes coming,' and ran to 11811 Kelton Avenue, a Rockland hangout, alerting Mike Jones, Sundiata Langford, and Jujuan Norman, all of whom were present at that time. The Chevy then drove past 11811 Kelton Avenue, swung around squealing its tires and headed back to the intersection at E. 120th Street, swerving to hit Hill's abandoned bicycle, and continuing north on E. 120th Street. Jones, Langford, and Norman, having each grabbed a gun, began shooting in the direction of the car.

Meanwhile, three children, Warren Culbreath, John Knight, Jr., and Rodney Williams, sitting on the porch of Warren's house on East 120th Street, near the Kelton intersection, watched these events. Warren and Rodney walked down the street to get a better view. When LaShante Culbreath, Warren's sister, heard the squeal of car tires and gunshots, she called the boys and they quickly ran inside. A bullet then came through the wall of the home, struck 12- year-old Warren in the back, and lodged in his skull, killing him.

\*\*\*

At their joint trial, Hill testified for the state that the day after the shooting, Jones told him that the guys in the white car fired shots at him, and he, Langford, and Norman fired back.

> Detective Denise Kovach read a written statement which Jones had given to the police. In this statement, Jones claimed that after Hill came running down the street screaming about the approaching vehicle, he grabbed his gun which had been hidden under some weeds and dirt in the driveway of the house at 11811 Kelton. He stated that two males hanging out of the white vehicle shot at him and Norman, and continued to shoot while the vehicle proceeded to the intersection of E. 120th Street and Kelton. He stated that he had used a .22 pistol, which he disposed of the next day. He also stated that the males in the white vehicle were from the Bloods and the shooting related to retaliation over the death of Maurice Freeman...

*State v. Jones,* 2002 WL 31478933 (Ohio 8th App. Dist. Nov. 7, 2002)

Petitioner argues that the evidence at trial showed that he and his co-defendants did nothing to initiate or provoke the incident, but that those in the white car initiated the shooting incident which resulted in the victim's death.  Moreover, petitioner points out that the state contended at trial that petitioner caused the death of another while attempting to shoot back at the patrons in the white car.

In the Rule 26(B) application to reopen the appeal, the court of appeals applied

*Strickland v. Washington,* 466 U.S. 668 (1984) and found that

> [Petitioner's ] appellate counsel argued as the fourth of thirteen assignments of error that [petitioner] was denied due process of law when the court would not instruct on any lesser-included offense. In reviewing this assignment, the court notes that appellate counsel vigorously argued that the trial court had the constitutional duty to instruct on involuntary manslaughter and reckless homicide. This court will not second-guess appellate counsel's strategy and tactics to argue these issues directly rather than indirectly through the lens of ineffective assistance of trial counsel.
>
> Indeed, it is understandable why appellate counsel did not frame the issue in terms of ineffective assistance of trial counsel. Appellate counsel introduced the issue as follows: 'In a discussion concerning the jury charge defense counsel requested a lesser included offense.[1] (Tr. 1424.) The court stated it would not give any instruction on any lesser included offense as the court was going to instruct on self-defense. (Tr. 1428.) Defendant requested an instruction on self-defense.' ... [I]n order to establish ineffective assistance

---

[1] Trial counsel requested that the jury be instructed on the lesser included offenses of reckless homicide and negligent homicide.

4

>of counsel, prejudice must be shown. Appellate counsel's review of the record revealed that prejudice could not be shown. Trial counsel did seek instructions on lesser-included offenses, but the trial judge refused to give any such instructions.  The fault, if any, lay with the trial judge's decisions and not with trial counsel's performance.
>
> Moreover, even though trial counsel did not seek instructions on either voluntary or involuntary manslaughter, appellate counsel was not deficient for failing to raise the issue of ineffective assistance of trial counsel. ... The Supreme Court of Ohio [has] ruled: 'Failure to request instructions on lesser-included offenses is a matter of trial strategy and does not establish ineffective assistance of counsel.' ... This is especially true if the defendant is offering a total defense, such as self-defense. Thus, appellate counsel in the exercise of professional judgment could easily conclude that framing the issue of the instructions on lesser-included offenses in terms of ineffective assistance of trial counsel would not be successful.

*State v. Jones,* 2003 WL 21981989 (Ohio 8th App. Dist. August 20, 2003) (citations omitted). Petitioner fails to demonstrate that this determination was contrary to, or involved an unreasonable application of, *Strickland.*

With regard to petitioner's assertion in Ground Six that he was denied due process when the trial court failed to instruct the jury on any lesser included offense, the Court agrees with the Magistrate Judge that failure to instruct on lesser included offenses in noncapital cases is not cognizable on habeas review.  *Bagby v. Sowders,* 894 F.2d 792 (6th Cir. 1990).

As to the remaining claims asserted in Grounds Three, Four, Five, Seven, Eight, Nine, Ten, Eleven, Twelve and Thirteen, this Court has reviewed for clear error.  This Court fully agrees with the reasoning and conclusions of the Magistrate Judge and, having found no clear error, completely adopts his factual and legal conclusions as its own and incorporates them herein by reference.

For the foregoing reasons, petitioner has not demonstrated that the Petition for Writ of Habeas Corpus should be granted.

**Conclusion**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is denied. Further, this Court hereby fully incorporates the Report and Recommendation by reference herein.

This Court now considers whether to grant a certificate of appealability (COA) pursuant to 28 U.S.C. § 2253 which states in relevant part:

> \*\*\*
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . .
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the United States Supreme Court determined that

> "[t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'"

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) ).

If the claim is not procedurally defaulted, then a habeas court need only determine whether reasonable jurists would find the district court's decision "debatable or wrong." *Id.* at 484. In instances where a claim is procedurally defaulted, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis supplied).

For the reasons stated above and in the Report and Recommendation, this Court finds no basis upon which to issue a certificate of appealablity.

IT IS SO ORDERED.

                                                /s/ Patricia A. Gaughan
                                                PATRICIA A. GAUGHAN
                                                United States District Judge

Dated: 10/2/06